Electronically Filed
Intermediate Court of Appeals
30468
21-JUN-2011
08:19 AM

NO. 30468


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAII, Plaintiff-Appellant, v.
DAVID A. SERENO, Defendant-Appellee


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTA-09-00479)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

The State of Hawai'i (State) appeals the April 8, 2010 Notice of Entry of Judgment and/or Order and Plea/Judgment and the April 9, 2010 Findings of Fact and Conclusions of Law entered by the District Court of the Second Circuit, Wailuku Division (district court),[1] which granted a motion to suppress evidence filed by Defendant-Appellee David A. Sereno (Sereno) in a prosecution for Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes (HRS) § 291E-61(a) (Supp. 2009).

The case stems from a motor vehicle accident (MVA) in which Sereno's vehicle was struck by another vehicle and went on to collide with and into a house. During investigation of the MVA, Officer Dennis Arnds (Officer Arnds) concluded that Sereno was impaired and arrested Sereno. After a hearing on Sereno's

_____

[1] The Honorable Kelsey T. Kawano presided.

motion to suppress evidence based on an absence of probable cause for the arrest, the district court granted the motion and suppressed all evidence obtained as a result of Sereno's arrest. This appeal followed.

On appeal, the State contends that the district court erred in granting Sereno's motion to suppress, maintaining that sufficient probable cause existed for Sereno's arrest.

> Appellate review of factual determinations made by the trial court deciding pretrial motions in a criminal case is governed by the clearly erroneous standard. A finding of fact is clearly erroneous when (1) the record lacks substantial evidence to support the finding, or (2) despite substantial evidence in support of the finding, the appellate court is left with a definite and firm conviction that a mistake has been made. The circuit court's conclusions of law are reviewed under the right/wrong standard. Furthermore, . . . the proponent of a motion to suppress has the burden of establishing not only that the evidence sought to be excluded was unlawfully secured, but also, that his own Fourth Amendment rights were violated by the search and seizure sought to be challenged. The proponent of the motion to suppress must satisfy this burden of proof by a preponderance of the evidence.

State v. Balberdi, 90 Hawai'i 16, 20-21, 975 P.2d 773, 777-78 (App. 1999) (quoting State v. Anderson, 84 Hawai'i 462, 467, 935 P.2d 1007, 1012 (1997)). The appellate court reviews "the circuit court's ruling on a motion to suppress de novo to determine whether the ruling was right or wrong." State v. Eleneki, 106 Hawai'i 177, 180, 102 P.3d 1075, 1078 (2004).

"'[P]robable cause' exists when the facts and circumstances within the knowledge of police officers and of which they had reasonably trustworthy information were sufficient in themselves to warrant a man or woman of reasonable caution to believe that a crime was being committed." State v. Kaleohano, 99 Hawai'i 370, 377, 56 P.3d 138, 145 (2002) (citing State v. Texeira, 50 Haw. 138, 142, 433 P.2d 593, 597 (1967)).

(1) The State asserts that Findings of Fact (finding) numbers 5 and 10 erroneously included certain facts in the district court's determination of probable cause, although the facts were not known or testified to by the officer at the time of his probable cause determination. However, the challenged

2

facts are supported by the evidence presented and as such, these findings are not clearly erroneous. Moreover, the district court did not indicate that it was finding these facts were known by Officer Arnds when he concluded there was probable cause for the arrest.

Furthermore, the district court's findings that Officer Arnds did not mention (1) speeding as a factor in the collision or decision to arrest Sereno or (2) that Sereno had not caused the original collision were supported by the evidence, notwithstanding that neither was a factor in the officer's determination of probable cause. Finding number 5 was not clearly erroneous as it does not appear to be a list of Officer Arnds's reasons for the arrest because it did not include Officer Arnds's consideration of the fact that Sereno's vehicle was found inside a house as part of finding number 5.

The State also argues that finding number 5 erroneously included a finding that there was no evidence of conduct constituting a violation of any driving or traffic code. Based on the testimony that Sereno was driving 30 miles per hour in a 20 mile per hour zone, this portion of finding number 5 is clearly erroneous. See HRS § 291C-102 (2007).

In this context, the State also challenges the district court's Conclusion of Law (conclusion) number 8 that in the absence of any evidence Sereno was at fault in causing the initial collision, evidence of the accident, per se, could not support a determination of impairment. As we read this conclusion as limited to the effect of the initial collision on the impairment determination, it is correct.

(2) The State also challenges finding number 8 insofar as the district court omitted other instances of "evasiveness" by Sereno testified to by the officer. This finding is not clearly erroneous, as the district court was entitled to accept a portion of testimony. Kaleohano, 99 Hawai'i at 376, 56 P.3d at 144.

(3)  The State asserts that in finding number 9, the district court erroneously stated that Officer Arnds "acknowledged that defendant's speech was not slurred".  We agree, as the record does not reflect any such "acknowledgment" by the officer.  Therefore, this portion of finding number 9 is clearly erroneous.

(4)  The State challenges finding number 12, because the district court omitted slurred speech and refusal to participate in the field sobriety maneuvers (FSMs) in its determination of reasons that Officer Arnds placed Sereno under arrest.  As this finding was consistent with Officer Arnds's testimony when he was asked to list the factors that formed the basis for his arrest, it was not clearly erroneous.  Id.

(5, 6)  The State argues that conclusion numbers 5 and 6 were incomplete and inaccurate statements of the legal standard.

Conclusion number 5 presents accurate statements of law regarding the significance of FSMs in the cases cited therein.  It does not purport to apply those legal concepts to this case, and as such is not wrong.  See Kernan v. Tanaka, 75 Haw. 1, 38 n.23, 856 P.2d 1207, 1226 n.23 (1993) and Kaleohano, 99 Hawai'i at 377, 56 P.3d at 145.

Regarding conclusion number 6, as State v. Ito, 90 Hawai'i 225, 978 P.2d 191 (App. 1999), held probable cause was lacking where it was based solely on an inadmissible field sobriety test and did not address other factors that may constitute probable cause, it was inapposite to this case.  In Kaleohano, 99 Hawai'i at 377, 56 P.3d at 145, a different mix of indicia were present and also was not apposite to the facts of this case.  Thus, conclusion number 6 is wrong.

(7)  As to conclusions numbered 7 and 10, the State points out that the district court erroneously applied State v. Ferm, 94 Hawai'i 17, 28, 7 P.3d 193, 204 (App. 2000), to the instant case insofar as it considered facts not known to Officer Arnds at the time of the arrest, in concluding that Sereno's

4

refusal to participate in the FSMs should not be interpreted as consciousness of guilt. We agree. Thus, conclusion numbers 7 and 10 are wrong.

(8) The State asserts that the district court erred in its conclusion number 9 that, because Sereno admitted that he had been drinking, and because Officer Arnds "acknowledged that he did not observe [Sereno's] speech was slurred," he had nothing to hide "by turning away or maintaining distance" from Officer Arnds, where the officer did not acknowledge Sereno had no slurred speech and where the focus should have been on the officer's inferences.

Although Officer Arnds did not "acknowledge that he did not observe [Sereno's] speech was slurred," considering that the officer did not observe Sereno to have any problems with balance or fumbling of paperwork, that Sereno "produced all documentation as requested" and "responded to all questions[,]" where "all answers were appropriate and consistent[;]"[2] that the district court, upon viewing the video of the accident scene found "that [Sereno] displayed no overt indicia of intoxication or impairment due to alcohol[;]"[3] that "[t]he videographer testified that he could not smell alcohol from [Sereno] from a couple of feet distance[;]"[4] and that Sereno had admitted to Officer Arnds that he had been drinking, the district court's conclusion that Sereno had nothing to hide "by turning away or maintaining distance" from the officer and declining to "infer a consciousness of guilt" therefrom is not wrong.

While it is true that probable cause is assessed using the information within the officer's knowledge, the standard used is an objective one. See State v. Delmondo, 54 Haw. 552, 553-54,

---

[2] Included in the unchallenged portion of finding number 9. State v. Rapozo, 123 Haw. 329, 334 n.4, 325 P.3d 325, 330 n.4 (2010) (unchallenged findings are binding on the appellate court).

[3] Included in unchallenged finding number 13.

[4] Included in unchallenged finding number 14.

512 P.2d 551, 552 (1973). Therefore, we look at the information known to the officer at the time of his arrest and agree that, notwithstanding the officer's belief that evasiveness was a reason for the arrest, it was not reasonable for the officer to infer consciousness of guilt from Sereno's turning away or maintaining distance from the officer under these circumstances. Viewed as such, conclusion number 9 is not wrong.

(9) Finally, the State argues that, in conclusion number 11, the district court erred when it reached its conclusion that probable cause for Sereno's arrest did not exist because it was based only upon three factors (the odor of alcohol; red, watery eyes; and flushed facial features) although other factors such as the circumstances of the MVA, the lack of skid marks, slurred speech, evasiveness, and refusal to participate in the FSMs also were present.

The district court discounted the MVA, reasoning that, because no fault could be attributed to Sereno for the accident, no consciousness of guilt could be inferred therefrom. The district court also independently determined that slurred speech was not present, notwithstanding the erroneous finding that Officer Arnds acknowledged no slurred speech existed. The district court also properly concluded that evasiveness could not be fairly inferred from Sereno's actions. Thus, the district court was not wrong in omitting those factors.

As to the ultimate conclusion of whether probable cause existed for the arrest, in giving deference to the proper district court's determinations as discussed in Iaea v. Iaea, 59 Haw. 648, 650, 586 P.2d 1015, 1016-17 (1978), and reviewing de novo the issue of probable cause, the factors that were reasonable for the officer to consider in his determination of probable cause were Sereno's admission of drinking, the odor of an alcoholic beverage, red, watery eyes, and flushed facial

features. Based on these factors, we agree that insufficient probable cause existed for the arrest.

Therefore, for the reasons stated herein, the District Court of the Second Circuit, Wailuku Division's April 8, 2010 Notice of Entry of Judgment and/or Order and Plea/Judgment and the April 9, 2010 Findings of Fact and Conclusions of Law are affirmed.

DATED: Honolulu, Hawai'i, June 21, 2011.

On the briefs:

Kristin L. Coccaro,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellant.

Presiding Judge

Matthew Nardi,
for Defendant-Appellee.

Associate Judge

Associate Judge