CAAP-10-0000070

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CHARLES ANTHONY STANLEY, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 10-1-0034 (Cr. No. 04-1-0049))

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Reifurth, JJ.)

Petitioner-Appellant Charles Anthony Stanley (Stanley) appeals from the "Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief, Filed June 3, 2010" (Order) filed on September 9, 2010 in the Circuit Court of the First Circuit[1] (circuit court).

A jury convicted Stanley of Robbery in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 708-841(1)(a) (1993). The circuit court entered the Judgment of Conviction and Sentence (Judgment) on February 24, 2005.

Stanley filed an appeal (No. 27144) from the Judgment, contending that the circuit court erred by denying his two oral motions for judgment of acquittal, allowing a juror to remain on the jury, denying his Motion to Dismiss, and finding that he

---

[1] The Honorable Michael D. Wilson presided.

qualified as a repeat offender.  This court filed a Summary Disposition Order on October 24, 2006, affirming the Judgment.

On October 13, 2005, Stanley filed a Petition for Post-Conviction Relief (First Petition) in the circuit court in S.P.P. No. 05-1-0066, pursuant to Rule 40 of the Hawaii Rules of Penal Procedure (HRPP).  Stanley stated four claims:  (1) denial of effective assistance of counsel because defense counsel did not get evidence from the evidence room and other locations in preparation for trial, (2) conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, (3) conviction obtained by use of evidence obtained pursuant to an unlawful arrest, and (4) conviction obtained by unconstitutional failure of the prosecution to disclose to Stanley evidence favorable to him.  On February 3, 2006, the circuit court denied the First Petition.  Stanley did not appeal the denial of the First Petition.

On May 29, 2007, Stanley filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (Second Petition), pursuant to HRPP Rule 40, in the circuit court in S.P.P. 07-1-0023.  Stanley stated seven claims: (1) violation of his right to due process and fair trial by the failure to introduce a black bag into evidence and to allow the jury to inspect the black bag during deliberations; (2) prosecutorial misconduct because the prosecutor (a) failed to introduce the black bag into evidence and (b) raised his hands into a fighting stance without holding the black bag during the prosecutor's closing argument; (3) ineffective assistance of trial counsel because counsel failed to get the black bag admitted into evidence, obtain the store's video surveillance tape for trial, subpoena Police Officer Leong (who viewed the videotape) and Brandon Wong, prepare for trial, and file a timely request for a new trial; (4) unconstitutional seizure of his body when security officers grabbed him during the arrest, (5) criminalization of his involuntary act of responding to the use

of force; (6) ineffective assistance of appellate counsel because appellate counsel failed to raise the above issues on appeal; and (7) unconstitutional selection of a jury that excluded African-American jurors.  On September 27, 2007, the circuit court denied the Second Petition.  Stanley appealed, and on April 21, 2009, this court issued a Memorandum Opinion, affirming the denial of the Second Petition.

On June 3, 2010, Stanley filed a Petition for Post-Conviction Relief (Third Petition) (S.P.P. 10-1-0034), pursuant to HRPP Rule 40.  Stanley claimed:

> A.    Ground one: THE JUDGMENT WAS OBTAINED AND SENTENCE IMPOSED IN VIOLATION OF ARTICLE III, § 1, HAWAII STATE CONSTITUTION. U.S.C.A. 14.
>
> Supporting FACTS . . .: THE JURY VERDICT IS CONTRARY TO ACT 68, SESSION LAW OF 1998, A DEFECTIVE VERDICT AS AMENDED TO "USE OF FORCE" consistent with ASSAULT [see Addendum]
>
> B.    Ground two: THE SENTENCE IS ILLEGAL, FIRST CIRCUIT COURT DID NOT HAVE SUBJECT MATTER JURISDICTION, AS MANDATED BY ART. III, § 1, Under HRS § 708-841(1)(a)
>
> Supporting FACTS . . .: JUDGMENT REST ON "A FIGHTING STANCE" under HRS § 708-841(1)(a) which is objectively in opposition to Legislative expanded definition of use of force for robbery [See Attached Pages]
>
> C.    Ground three: PETITIONER'S RIGHTS WERE VIOLATED UNDER ARTICLE 1, § 5, OF THE HAWAII STATE CONSTITUTION TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW.
>
> Supporting FACTS . . .: A MANIFEST ERROR OCCURRED DURING TRIAL WHICH EFFECTED PETITIONERS SUBSTANTIAL RIGHTS. "See Separate memorandum "Complaint failed to state Offense"
>
> D.    Ground four:  JURISDICTION CANNOT BE WAIVED IN COMPLAINT "STRUCTURAL DEFECTS REQUIRE AUTOMATIC REVERSAL" UNITED STATES CONSTITUTION AMENDMENT 6.
>
> Supporting FACTS . . .: Complaint Failed to allege all essential elements of offense as amended by Legislature, which removed "Vague term uses force" Fatal to complaint.  see [Separate Memorandum attached].

On June 22, 2010, Stanley filed a "Motion to Add to Rule (H.R.P.P. 40 Petition) Ground Five HRPP 40(e) 'Jurisdictional Defect in Complaint, Judgments and Sentence'

Complaint Failed to Include HRS § 708-841(1)(b)," which added Ground Five:

> GROUND FIVE: THE COURT DID NOT HAVE JURISDICTION TO ENFORCE CONVICTION BASED ON § 708-841(1)(b), WHICH VIOLATED ART. 1, § 14 HAWAII STATE CONSTITUTION.
>
> SUPPORTING FACTS: THE COMPLAINT FAILED TO INCLUDE THE PERSON THREATENS THE IMMINENT USE OF FORCE AGAINST THE PERSON OF ANYONE WHO IS PRESENT WITH INTENT TO COMPEL ACQUIESCENCE TO THE TAKING OR ESCAPING WITH THE PROPERTY; OR (c) THE PERSON RECKLESSLY INFLICTS SERIOUS BODILY INJURY UPON ANOTHER. SEE APPENDIX NO. 3 THE COMPLAINT, WITH EXHIBITS INCLUDED IN SEPARATE MEMORANDUM IN SUPPORT OF RULE 40. PETITIONER DOES INCORPORATE ALL ARGUMENTS, CITATIONS AND AUTHORITIES, EXHIBITS SUBMITTED IN RULE 40 DATED 5-17-2010, DOES REQUEST GROUND FIVE BE ADDED TO PETITION BEFORE THE COURT FOR REVIEW.

On September 9, 2009, the Circuit Court denied Stanley's Third Petition. Stanley timely appealed.

On appeal, Stanley contends:

1. The Judgment was obtained and sentence imposed in violation of Article III, § 1, Hawaiʻi State Constitution.

2. The sentence is illegal, the circuit court did not have subject matter jurisdiction, as mandated by Article III, § 1, under HRS § 708-841(1)(a).

3. Stanley's rights were violated under Article 1, § 5, of the Hawaiʻi State Constitution to due process and equal protection of the law.

4. Jurisdiction cannot be waived in a Complaint, "Structural Defects require automatic reversal," United States Constitutional Amendment 6.

5. The circuit court did not have jurisdiction to enforce conviction based on § 708-841(1)(b), which violated Article 1, § 14, of the Hawaiʻi State Constitution.

6. The circuit court did not properly deny Stanley's Rule 40, where the facts prove beyond a reasonable doubt that a "Threatened use of Force" HRS § 708-841(1)(b) was not within the complaint, and the court exceeded its subject-matter jurisdiction by its generic definition of use of force.

7. The circuit court erroneously used HRPP Rule 40(a)(3) to procedurally default granting relief, where the trial court exceeded its subject matter jurisdiction.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Stanley's points of error as follows:

(1) The circuit court did not lack subject matter jurisdiction. HRS §§ 603-1 (Supp. 2010) and 603-21.5 (Supp. 2003). "[P]roof that an event occurred in the City and County of Honolulu or on the Island of Oahu is proof that it occurred within the first judicial circuit." State v. Correa, 5 Haw. App. 644, 650, 706 P.2d 1321, 1325 (1985). The Complaint against Stanley alleged that he committed Robbery in the Second Degree in the City and County of Honolulu. Robbery in the Second Degree is a criminal offense under the laws of the State of Hawaiʻi as specified by HRS § 708-841(1)(a). The City and County of Honolulu is within the first judicial circuit. Stanley was charged and tried in the first judicial circuit. Therefore, the circuit court did not lack subject matter jurisdiction.

(2) A charge of Robbery in the Second Degree which does not define the term "force" is readily comprehensible to a person of common understanding; therefore, the charge was sufficient. "Force" is consistent with its commonly understood meaning and provided Stanley with notice of what was being charged. State v. Mita, 124 Hawaiʻi 385, 392, 245 P.3d 458, 465 (2010). Therefore, the charge against Stanley was not insufficient, and the circuit court did not lack jurisdiction to enter a judgment of conviction for Robbery in the Second Degree.

(3) To the extent that Stanley stated any claims not based on lack of subject matter jurisdiction or lack of jurisdiction because the charge was insufficient, those claims are waived. Stanley did not prove the existence of extraordinary

5

circumstances to justify his failure to raise the issues in his direct appeal or two prior HRPP Rule 40 petitions.  Therefore, relief is not available pursuant to HRPP Rule 40.  HRPP Rule 40(a)(3).

Therefore,

IT IS HEREBY ORDERED that the "Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief, Filed June 3, 2010," filed on September 9, 2010 in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawaiʻi, June 21, 2011.

On the briefs:

Charles Anthony Stanley,
Petitioner-Appellant pro se.

Delanie D. Prescott-Tate,                    Chief Judge
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Respondent-Appellee.



                                              Associate Judge




                                              Associate Judge